SO ORDERED.

SIGNED this 19 day of July, 2017.

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ALONZA HERBERT WARD, JR. | 16-05795-5-JNC |
| MARIE W. WARD | CHAPTER 13 |
| DEBTOR | |

### ORDER AVOIDING UNSECURED SECOND DEED OF TRUST

Pending before the court is the Motion for Valuation and Treatment of Claim filed by Alonza and Marie Ward (the "Debtors") on April 21, 2017 (D.E. 15; the "Motion"). No response thereto was filed. The Motion seeks to avoid a second priority lien encumbering the Debtors' real property and residence pursuant to § 506 of the Bankruptcy Code and *In re Kidd*, 161 B.R. 769 (Bankr. E.D.N.C. 1993). A hearing was held on July 11, 2017 in Greenville, North Carolina, at which the Debtors and counsel for the Debtors appeared.

The Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on November 7, 2016 (the "Petition Date"). The Debtors own and reside in a three bedroom/two bathroom home consisting of approximately 1,400 square feet, situated on a 0.69 acre lot with an

address of 106 Nathan Drive, Grady, Pender County, North Carolina (the "Real Property"). The Real Property is encumbered by a first priority lien held by Nationstar Mortgage, LLC ("Nationstar") in the approximate amount of $188,286.85 as of the Petition Date and secured by a first position deed of trust.  It is further encumbered by a second priority lien held by NC Housing Finance Authority ("NCHFA") in the approximate amount of $24,861.12 and secured by a second position deed of trust. Only the second lien to NCHFA is challenged in the Motion.

At the hearing, Mrs. Ward testified regarding the Real Property and its value. She began by stating that the tax valuation, per the Pender County Tax Office, is listed at $167,100—a valuation in accord with her opinion of the current value of the Real Property. Mrs. Ward testified that she keeps up-to-date on home sales in her neighborhood and based her opinion on the comparative value of recent sales. One such home, located on the same block as the Real Property, sold in 2014 for $178,500.  Both homes are three bedroom/two bath homes of similar size, but the recently sold property is three years newer than the Wards' Real Property. In addition, Mrs. Ward stated that her home would require a new roof and air conditioning unit before it could be sold. She also testified that although one home on her block sold in 2011 for $225,000, that particular house was newer than the Real Property and included numerous upgrades such as cathedral ceilings and a large second structure on the property, which are not features of her home. Lastly, Mrs. Ward testified that a number of homes in her neighborhood have been foreclosed upon in the last five years, which logically serves to reduce the value of other homes in the area.

Section 506(a) of the Bankruptcy Code provides that an allowed claim secured by a lien against property of the debtor is secured up to the amount of the value of the secured property and is unsecured in the amount that the claim exceeds the value of the property. Section 506(d) then provides:

2

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless:
>> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>> (2) such claim is not an allowed secured claim due only to the failure of any entity to filed a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d). Consequently, read together, sections 506(a) and 506(d) operate to allow the avoidance of a lien on the debtor's residence that is *entirely* unsecured. *Kidd*, 161 B.R. at 770-71.

In order to decide whether avoidance is allowed, the court must first determine the fair market value of the property as of the petition date. *McDuffie v. West* (*In re West*), No. 5:15-CV-557-FL, 2016 WL 4186853 (E.D.N.C. July 15, 2016); *see* 11 U.S.C. § 522(f). The burden of establishing the fair market value of the property rests on the debtor. *West*, 2016 WL 4186853, at *3. A homeowner's lay opinion of the value of his or her home has long been considered admissible evidence in assessing property value in North Carolina. *Lowe v. Bradford*, 289 S.E.2d 363, 367 (1982) (citing 1 *Stanbury's North Carolina Evidence* § 128 (Brandis Rev. 1973)) (finding that "one with knowledge of value gained from experience, information and observation may give an opinion on the value of specific real property.")

A homeowner's opinion is presumed to be both admissible and "competent" so long as it is (1) "rationally based on the witness's perception;" (2) helpful; and (3) not expert testimony. *West*, 2016 WL 4186853, at *3; *see also* FED. R. EVID. 701(a). Any flaws in the homeowner's opinion go toward the weight of the testimony rather than its admissibility. *West*, 2016 WL 4186853, at *3; *see White v. Alt. Richfield Co.*, 945 F.2d 1130, 1133 (9th Cir. 1991). The requirement that a homeowner's testimony be based on his or her own perception makes inadmissible any claim of fair market value rooted solely in the second-hand recitation of the assessed tax value. *West*, 2016 WL 4186853, at *3.

3

In *West*, the debtor and owner of the subject property testified that the parcel was worth the assessed county tax value, but he failed to provide any competent independent knowledge to establish as a basis for a court to accept the third-party assessment appraisal as the actual value of the subject property. The district court determined that giving rote "testimony based solely on a tax assessment prepared by a third-party is not an opinion 'rationally based on the [homeowner's] perception,' thus running afoul of Federal Rule of Evidence 701." A lack of independent knowledge and reliance on the appraisals of others also lead to the exclusion of evidence in *Bison Pipeline, LLC v. 102.84 Acres of Land*, where the United States Court of Appeals for the Tenth Circuit found that a district court had not abused its discretion in striking testimony from "an experienced landman" when she provided only "vague, general testimony" that lacked a "description of how she has determined the fair market value of [the] properties." *Bison Pipeline, LLC v. 102.84 Acres of Land*, 560 F. App'x 690, 698 (10th Cir. 2013).

Here, however, rather than merely reciting the tax value with no analysis or knowledge of other facts, in her testimony, Mrs. Ward only began by stating the tax value. She then used independent knowledge of sales and events affecting home values in her neighborhood and referenced the assessed county tax value as being in accord with her own independent opinion of the value of her home. Mrs. Ward testified that she stays up-to-date on both the price and various amenities of the homes sold in her neighborhood. In her testimony, she provided competent information on the comparable nature of homes sold and prices to verify her assessment and opinion concerning the Real Property's fair market value as of the Petition Date. She testified with some depth about how the other properties sold in her neighborhood differed from the Real Property and from her own knowledge provided a rational basis to determine a Petition Date value

of her home. Ultimately, her layperson valuation statement was based in her own knowledge, perception, and experience.

After considering Mrs. Ward's testimony, the court deviates slightly from her conclusion in finding the Real Property's present value is $169,575. The court agrees that the tax value is a good starting point, but believes that it is appropriate to consider that the latest and most comparable sale from her neighborhood was $178,500. Reducing the value of the Debtors' home by five percent for general repairs needed to bring the home into sellable condition yields a final determined value reasonably in-line with the county ad valorem tax valuation. The high incidence of foreclosure sales in the neighborhood would likely prohibit or forestall any appreciation in value over the last three years. Finally, because NCHFA did not respond to the Motion or appear at the hearing, no evidence of a higher valuation was presented.

## CONCLUSION

The Petition Date value of the Real Property is $169,575. As a result, the payoff reported under the first priority lien held by Nationstar in the amount of $188,286 exceeds the Petition Date value of the Real Property by $18,711. Consequently, the second priority lien held by NCHFA is wholly unsecured and may be avoided pursuant to *In re Kidd*. Accordingly, and pursuant to 11 U.S.C. § 506(d), the deed of trust held by NCHFA concerning the real property located at 106 Nathan Drive, Grandy, Pender County, North Carolina is **NULL AND VOID, UNLESS,** pursuant to 11 U.S.C. § 349(b)(1)(c), this case is later dismissed.

## END OF DOCUMENT

5